UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN FISHMAN, | : | |
| | : | |
| Petitioner, | : | Civil Action No.:   21-3049 (RC) |
| | : | |
| v. | : | Re Document Nos.:   11, 15 |
| | : | |
| MERRICK B. GARLAND, | : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM OPINION

### GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT

### I.  INTRODUCTION

Petitioner Steven Fishman, proceeding *pro se*, seeks a writ of coram nobis to vacate a portion of a sentence imposed on him for a criminal conviction in the Northern District of Oklahoma.[1] *See* Pet. Writ Coram Nobis ("Writ Petition"), ECF No. 1.  After an issue effecting service, Petitioner also moved for a default judgment.  *See* Mot. Default. J., ECF No. 11.  After service was effected, Respondent Attorney General Merrick Garland jointly moved to dismiss for lack of jurisdiction and failure to state a claim and opposed Petitioner's Motion for Default Judgment. Mot. Dismiss and Opp'n, ECF No. 15.  For reasons explained below, Respondent's Motion to Dismiss is granted and Petitioner's Motion for Default Judgment is denied.

---

[1] In his petition, Mr. Fishman also sought relief under 42 U.S.C. § 1983, but he withdrew this claim in his reply.  *See* Pet'r's Reply to Mot. to Dismiss at 14, ECF No. 18 ("[A]ll claims under 42 U.S.C. § 1983 are hereby withdrawn.").

## II.  BACKGROUND

Mr. Fishman was convicted in the Northern District of Oklahoma in 2009 for conspiracy to commit mail and wire fraud and conspiracy to commit money laundering.² Verdict Form, *United States v. Fishman* No. 07-CR-0195-004-CVE (N.D. Okla. 2009), ECF No. 288.  He was originally sentenced to 262 months' imprisonment and three years' supervised release and was ordered to pay $3,684,213 in restitution.  Judgment and Commitment Form at 2–3, 5, *United States v. Fishman* No. 07-CR-0195-004-CVE (N.D. Okla. 2009), ECF No. 334.  On December 30, 2020, the court in the Northern District of Oklahoma revised Mr. Fishman's sentence to time served but increased his term of supervised release to five years, a period set to conclude on December 29, 2025.  Order Modifying Conditions or Term of Supervision, *United States v. Fishman* No. 07-CR-0195-004-CVE (N.D. Okla. 2009), ECF No. 639.  He is being supervised by the U.S. Probation Office in the Central District of California.  *See id.*  Petitioner filed his original petition in this Court on November 15, 2021.  He asks this Court to "expunge the… [s]upervision [o]rders" and to order the National Crime Information Center to "report that the Petitioner is no longer under [s]upervision by the United States Probation Office."  Writ Petition at 6.

The Court dismissed the original petition without prejudice for failure to prosecute after Petitioner failed to cure a service defect.  *See* Order Dismissing Case without Prejudice, ECF No. 5; Order to Show Cause, ECF No. 2.  Petitioner filed a motion to reconsider, *see* Mot. Recons., ECF No. 6, which the Court granted on June 15, 2022 based on proof that Petitioner in fact

---

² The Court takes judicial notice of the docket in Mr. Fishman's criminal case in the Northern District of Oklahoma.  *See Lewis v. Drug Enforcement Admin.*, 777 F. Supp. 2d. 151, 159 (D.D.C. 2011) (explaining that courts "may take judicial notice of public records from other court proceedings."); *Jurdi v. United States*, 485 F. Supp. 3d. 83, 100 n.4 (D.D.C. 2020) (same).

attempted to serve all necessary parties by certified mail, *see* Order Granting Mot. Recons., ECF No. 7.  On September 28, 2022, the Court ordered the Office of the Clerk to serve Respondent.  Min. Order, Sep. 28, 2022.  Three days later, on October 21, 2022, Petitioner filed a motion for default judgment.[3]  After extensions granted by the Court, Respondent filed its motion to dismiss and opposition on December 1, 2022.  *See* Mot. Dismiss and Opp'n.  That motion is ripe for review.

### III.  ANALYSIS

Filings by *pro se* litigants are subject to "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 5551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, "even a pro se plaintiff must meet his burden of proving that the Court has subject matter jurisdiction over the claims."  *Fontaine v. Bank of Am., N.A.*, 43 F. Supp. 3d 1, 3 (D.D.C. 2014); *see also Bickford v. Gov't of U.S.*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011); *Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010).  Courts must address jurisdiction as a "threshold matter. "  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

### A.  Writ of Coram Nobis

Petitioner seeks a writ of coram nobis.  "At common law, 'the writ of coram nobis was available to correct errors of fact that affect the validity and regularity of the judgment.'"  *United States v. Lee*, 84 F. Supp. 3d 7, 8 (D.D.C 2015) (quoting *United States v. Morgan*, 346 U.S. 502, 507 (1954)).  Coram nobis is an "extraordinary remedy;" *id* at 9, and exists only to correct "those cases where the errors were of the most fundamental character," *United States v. Addonizio*, 442

---

[3] The motion is dated October 1, 2022, though it was not docketed until October 6, 2022.

3

U.S. 178, 186 (1979). Although use of the writ is no longer available in civil cases, federal courts "retain the authority to grant a writ of error coram nobis in criminal proceedings under the All Writs Act, 28 U.S.C. § 1651(a)." [4] *Id.* While the "precise contours of *coram nobis* have not been 'well defined,'" *United States v. Denedo*, 556 U.S. 904, 910 (2009) (citation omitted), to justify issuance of the writ a petitioner must show: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Hansen*, 906 F. Supp 688, 692–93 (D.D.C. 1995) (quoting *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir.1987)). As a threshold matter, however, the "[r]elief must be sought in the court in which the sentence was imposed." *Id.* at 692; *see also Stoller v. United States*, 216 F. Supp. 3d 171, 175 ("[O]nly the court that imposed the sentence has jurisdiction to grant a write of coram nobis."); *Denedo*, 556 U.S. at 912-13 ("Because coram nobis is but an extraordinary tool to correct a legal or factual error, an application for the writ is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired.").

This Court did not impose Petitioner's sentence, so it lacks jurisdiction to grant his petition for a writ of coram nobis. Petitioner argues that jurisdiction lies under the All Writs Act, 28 USC § 1651, *see* Writ Petition at 5, but "[t]he authority to issue a writ under the All Writs Act is not a font of jurisdiction." *Denedo*, 556 U.S. at 914; *see Stoller v. United States*, 216 F. Supp. 3d 171, 176 (D.D.C. 2016) ("The All Writs Act . . . merely permits a court to issue writs in aid of jurisdiction."). In this case, Mr. Fishman was convicted in the Northern District of Oklahoma,

---

[4] 28 U.S.C. § 1651(a) states: "The Supreme Court and all courts established by Act of Congress may issues all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law."

not in this Court, so this Court lacks jurisdiction to grant the writ he seeks. *See* Verdict Form, *United States v. Fishman* No. 07-CR-0195-004-CVE; Writ Petition at 1.

### B.  Writ of Habeas Corpus

A writ of coram nobis "provides a way to collaterally attack the criminal conviction of a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief." *United States v. Newman*, 805 F.3d 1143, 1146 (D.C. Cir. 2015) (quoting *Chaidez v. United States,* 568 U.S. 342, 360 n.1 (2013)); *see also Dufur v. U.S. Parole Com'n*, 34 F.4th 1090, 1095 (D.C. Cir. 2022) ("[T]he sole remedy for assertedly unlawful incarceration is through habeas corpus."). As Defendant remains under supervised release, *see* Order Modifying Conditions or Term of Supervision, *United States v. Fishman* No. 07-CR-0195-004-CVE (N.D. Okla. 2020), ECF No. 639, he is still "in custody" for purposes of seeking a writ of habeas corpus, *see Banks v. Gonzales*, 496 F. Supp. 2d 146, 149 (D.D.C. 2007) ("[A] petitioner who is on parole, probation, supervised release, or released on bail is deemed to be 'in custody' for habeas purposes." (citation omitted)); *Rahim v. U.S. Parole Comm'n*, 77 F. Supp. 3d 140, 143 (D.D.C. 2015) ("[Petitioner] is deemed 'in custody' so long as [petitioner] remains on supervised release." (citation omitted)). But even if the Court liberally construes Petitioner's pleading as seeking a writ of habeas corpus, it still fails because it does not name the proper respondent. "[T]he only proper respondent" to a habeas petition is the petitioner's "'immediate custodian.'" *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004)). This is because "a writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in . . . custody." *Id.* at 1236-38 (quoting *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 494 (1973)).

Here, Mr. Fishman is under supervised release in the Central District of California and reports to the U.S. Probation Office in the Central District of California. *See* Order Modifying Conditions or Term of Supervision, *United States v. Fishman*, No. 07-CR-0195-004-CVE (N.D. Okla. 2020), ECF No. 639. Petitioner names Attorney General Merrick Garland as Respondent, but U.S. Probation Offices are extensions of the federal district courts, not the U.S. Department of Justice. *See* 18 U.S.C. § 3602 ("A district court of the United States shall appoint qualified persons to serve . . . as probation officers within the jurisdiction and under the direction of the court making the appointment."); § 3603 (listing administering supervised release as among probation officers' duties); § 3672 (vesting responsibility to administer the probation system with the Director of the Administrative Office of the United States Courts). Accordingly, because Respondent does not have custody over Petitioner, the Court has no authority to grant the writ Petitioner requests. *See United States v. Dohrmann*, 36 F. App'x 879, 881 (9th Cir. 2002) ("Because [petitioner] was on supervised release when he filed his motion, the relevant custodian is his supervised release administrator."); *Chaner v. United States*, No. 22-cv-1140, 2022 WL 4279732, at *1 (W.D. Tenn. Sept. 15, 2022) ("The proper respondent in a [habeas] proceeding brought by a petitioner on federal supervised release is . . . the chief probation officer overseeing his supervised release."); *cf. Guerra v. Meese*, 786 F.2d 414, 417 (D.C. Cir. 1986) (suggesting that the Parole Commission would be the appropriate respondent for a petitioner on parole).[5]

---

[5] While there may be some doubt under the law of this Circuit as to precisely who might qualify as the "immediate custodian" of a petitioner on federal supervised release, the Court does not reach this "open issue" because, for the reasons explained above, there is no doubt that it is not the Respondent named in the petition at issue here. *Forbes v. Del Toro*, No. 21-cv-2175, 2022 WL 17475402, at *2 n.6 (D.D.C. Dec. 5, 2022); *see Guerra*, 786 F.2d 414, 417 (rejecting the notion that "federal courts may entertain a habeas corpus petition when the custodian is outside their territorial jurisdiction").

### C. Default Judgment

As explained above, the Court lacks authority to grant the relief requested, whether styled as a writ of coram nobis or of habeas corpus. Consequently, the Court also lacks authority to enter a default judgment. *See Jerez v. Republic of Cuba*, 775 F.3d 419, 422 (D.C. Cir. 2014) ("A default judgment rendered in excess of a court's jurisdiction is void."); *Phila. Indemnity Ins. Co. v. Emerson*, 308 F.R.D. 16, 18 (D.D.C. 2015) ("[T]he procedural posture of a default does not relieve a federal court of its 'affirmative obligation' to determine whether it has subject-matter jurisdiction over the action." (citation omitted)); *Mark v. Islamic Republic of Iran*, No. 20-cv-651, 2022 WL 4103854, at *1 (D.D.C. Sept. 8, 2022) ("Before the court can enter default judgment, Plaintiffs must establish subject matter jurisdiction."); Fed. R. Civ. P. 55(d) (explaining that a default judgment may be entered against the United States or its officers or agencies "only if the claimant establishes a claim or right to relief by evidence that satisfies the court."). Petitioner's motion for default judgment therefore must be denied.

### IV. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss, ECF No. 15, is **GRANTED** and Petitioner's Motion for Default Judgment, ECF No. 11, is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: March 27, 2023                                           RUDOLPH CONTRERAS
                                                                United States District Judge